Corbitt *v.* Miller.

Ordered accordingly.

[MONROE GENERAL TERM, March 6, 1865. *Johnson, J. C. Smith* and *E. Darwin Smith,* Justices.]

---◇---

## CORBITT *vs.* MILLER.

The facts that a note sued on was made by the defendant without consideration, and was delivered to the payee solely for his accommodation, and that it was transferred by the payee to the plaintiff after it became due, will not, alone, constitute any defense.

In an action by the indorsee of a promissory note, against the maker, the answer alleged that the note was made and given to O. for the purpose of enabling him to raise money to buy or pay a mortgage held by the plaintiff on property owned or claimed by O.; that the note was not used for that purpose, but remained in the hands of O. until after the same became due, and was then transferred to the plaintiff. *Held,* that if this could be deemed a misappropriation, in any sense, in order to render it available as a defense, the answer should have shown that it was, or might have been, injurious to the defendant.

But the answer merely alleging that it was expected and intended that the plaintiff should have the proceeds of the note, after it was negotiated, and that instead of the proceeds he had taken the note; *it was held,* that this was no misappropriation, within any of the cases,

Corbitt *v.* Miller.

THIS was an action upon a promissory note. The complaint alleges the making of the note by the defendant, payable to the order of David O'Hearn, and its indorsement for value received to the plaintiff. These allegations are not denied in the answer. But the defense alleged is, that the note was an accommodation note, made and delivered to O'Hearn to enable him to raise money to pay a mortgage owing by him to the plaintiff; that the said O'Hearn did not raise money upon it, but transferred it to the plaintiff after due. The cause was tried by the court without a jury. On the trial, the attorney for the plaintiff moved the court that the plaintiff have judgment on the pleadings, and without any evidence being offered, upon the ground that the answer did not state any thing constituting a defense. After hearing the plaintiff's attorney for, and the defendant, in person, in opposition to the motion, the court decided that the answer contained, or constituted, no defense, and ordered judgment for the plaintiff, on the pleadings, for $114 damages; to which decision and ruling of the court the defendant excepted. The defendant moved, at a special term, on the exceptions, for a new trial; which motion was denied, and the defendant appealed to the general term.

*Geo. W. Miller,* appellant, in person. I. A note, or bill transferred after maturity, is taken subject to *all* equities or defenses existing in relation to it, in the hands of the person from whom it is taken. (3 *Kent's Com. 5th ed.* 90, 91. *Story on Prom. Notes,* § 178. *Chitty on Bills,* 217, 218, 219. 1 *Parsons on Notes and Bills,* 274, 275. *Edwards on Prom. Notes,* 315–322, 686–91. *De Mott* v. *Starkey,* 3 *Barb. Ch.* 403–6. *Claflin* v. *Farmers' &c. Bank,* 25 *N. Y. Rep.* 295.) The answer in this case shows a perfect defense to the note in the hands of O'Hearn, the payee, and the person who transferred it to the plaintiff after maturity.

II. Want of consideration, or the fact that the note was an accomodation note, was a good defense as between the

maker and payee. This will not be disputed. Still a party taking such a note, even with knowledge that it was accommodation paper, is protected, if he takes it *bona fide* before due; not so, however, if he takes after dishonor or maturity. Before the time for payment has elapsed it is considered in the nature of money; the accommodation maker loans his credit until the time named for payment, but after that time has expired, he can no longer be said to, or to intend to, loan either money or credit, and the very fact that the time at which he, by the note, appears to have agreed to pay, has expired, and he has not paid, is notice to every body that he no longer intends or agrees to pay. In such case the taker can not be said to rely on the credit of the maker, but takes solely on the credit of the assignor or indorser. (*Parsons on Notes and Bills,* 192, 261, 2. *Edwards on Bills,* 315–322, 686–691. *Hackley* v. *Sprague,* 10 *Wend.* 114. *Driggs* v. *Rockwell,* 11 *id.* 505–10. 4 *Denio,* 63.)

III. Another complete defense contained in the answer is, that the note was made to be used for a *special* purpose, and was *not* so used. This is a good defense against every one except a *bona fide* holder, without notice. (1 *Hilton,* 337. *Prentiss* v. *Graves,* 33 *Barb.* 621.) It is not necessary to allege injury from the diversion. (*Rochester* v. *Taylor and Davis,* 23 *Barb.* 18. *Edwards on Bills,* 316, 317, 318, 319.)

IV. The note in this case never had any legal inception. It was made without consideration and was not transferred during its life or before maturity. It had no vitality in the hands of the payee; was no better than blank paper until negotiated, even before it came due, and remaining in his hands until after maturity, it ceased to be, or be entitled to the immunities or protections extended to negotiable commercial paper. All that, before maturity or dishonor, could make it a valid and binding security as against the maker, was the effect of the rules established in regard to negotiable commercial paper. By force of those rules, an act of the payee could give it legal inception before due; but being dishon-

ored, or rather remaining a mere note in form but with no substance or real existence, until after the day named for payment, no act of the holder or payee can bring it to life or give it a legal inception or existence, as against the maker. (*Marvin* v. *McCullum*, 20 *John.* 288. *Kent* v. *Walton*, 7 *Wend.* 256. *Dowe* v. *Schutt*, 2 *Denio*, 621.)

*J. C. Cochrane*, for the respondent. I. As to the maker, there is never a consideration for an accommodation note. It is sufficient if there is a consideration between the party for whose accommodation it is made and the holder. (*Commercial Bank* v. *Warren*, 15 *N. Y. Rep.* 578.)

II. The note was used substantially for the very purpose for which it was made. Whether O'Hearn got the note discounted and paid the avails to the plaintiff, or transferred the note to the plaintiff for the purpose of paying him, could make no difference to the defendant. (*Spencer* v. *Ballou*, 18 *N. Y. Rep.* 327–332. *Bank of Rutland* v. *Buck*, 5 *Wend.* 67. *Mohawk Bank* v. *Corey*, 1 *Hill*, 513. *Powell* v. *Waters*, 17 *John.* 176. *DeZeng* v. *Fyfe*, 1 *Bosw.* 335. 1 *Parsons on Notes*, 226, n. m. 2 *id.* 27, 28.)

III. The fact that a note is transferred after it becomes due is never a defense, unless a defense would have existed if transferred before due, with notice of all the circumstances. The transfer past due *never creates a defense*, but merely permits a defense if one exists. In other words, a note is then the same as non-negotiable paper.

*By the Court*, JOHNSON, J. The facts stated in the answer, that the note in question was made by the defendant without consideration, and delivered to O'Hearn, the payee, solely for his accommodation, and that it was transferred by O'Hearn to the plaintiff after it became due, must be taken to be admitted. But these facts alone constitute no defense. This seems to be well settled. (2 *Parsons on Notes &c.* 29. *Charles* v. *Marsden*, 1 *Taunt.* 224. *Caruthers* v. *West*, 11

Corbitt *v.* Miller.

*Adol. & Ellis,* 143. *Sturtevant* v. *Ford,* 4 *Man. & G.* 101. *Thompson* v. *Shepherd,* 12 *Metc.* 311.) In *Charles* v. *Marsden,* (*supra,*) Lawrence, J. said there was "no reason why a bill might not be negotiated after it was due, unless there was an agreement restraining it." And he further remarked, that if there had been such an agreement it should have been stated in the plea, and might then have constituted a defense. To the same effect is *Stein* v. *Yglesias,* (1 *Cromp., Mees. & Ros.* 565.) No such fact is here stated in the answer. In the case of accommodation paper it is quite obvious that the indorsee takes greater rights than his indorser had. The payee can not sue an accommodation maker or indorser at all; because, as between them, no consideration passes. But it is different with the indorsee of the payee; because the very object being to accommodate and benefit the payee, his transfer for a valuable consideration fulfills the intention, and is binding upon such maker or indorser. And notice to the indorsee in such a case is of no moment, and adds nothing by way of defense. (*Brown* v. *Mott,* 7 *John.* 361.)

The question then arises, whether there has been any such misappropriation of the note as to constitute a defense in favor of an accommodation maker. The answer alleges that the note was made and given to O'Hearn, "for the purpose of enabling O'Hearn to raise money to buy or pay a mortgage held by the plaintiff on property owned or claimed by said O'Hearn." It then alleges that the note was not used for such purpose, but remained in the hands of O'Hearn until after the same became due, and was then transferred to the plaintiff. If this could be deemed a misappropriation in any sense, there is nothing in the answer to show, or even suggest, that it has been or could be in any way injurious to the defendant. This, I think, is necessary to constitute a defense. (2 *Parsons on Notes and Bills,* 28.) The answer does not even allege that the mortgage has not been paid by the transfer; and if it did, there is nothing to show that the

defendant was in any way holden for the payment of the mortgage, or had any interest in the mortgaged property. He expected to become holden for the amount of the note, and it can be of no possible consequence to him whether it was transferred to one or another, so long as he had no interest in the application of the proceeds. But in truth no misappropriation is alleged. The answer only shows that it was expected and intended that the plaintiff should have the proceeds of the note after it was negotiated, and that instead of the proceeds he has taken the note. This is all that is strictly or even substantially alleged. This is no misappropriation within any of the cases. The substantial object has been complied with, so far at least as the defendant is concerned, and the judgment is right, and should be affirmed.

[MONROE GENERAL TERM, March 6, 1865. *Johnson, J. C. Smith* and *E. Darwin Smith,* Justices.]