## SUPREME COURT.

THE EAST RIVER BANK agt. SAMUEL F. BUTTERWORTH and others.

The holder of an *accommodation note* loaned by the maker to the indorser without any restrictions, can recover upon it, even if he had knowledge of its origin, to any amount for which he held it as security, not exceeding the sum named in it.   And it makes no difference whether it was not before or after maturity, if it was pledged as security for money borrowed by the indorser.

Where the indorser of an accommodation note discounted for his benefit, gives a new note of his own in renewal of it, the maker cannot set up such new note in *payment* of the original.

*New York General Term, February*, 1866.

*Before* INGRAHAM, CLERKE *and* BARNARD, *Justices.*

THE note in this case was lent by the maker to the

indorser for his accommodation. He had it discounted by the plaintiff. When it became due, the indorser wanted to make a partial payment, and the note in suit was to be left in the bank to be collected by them. The maker was at that time absent from the state, and a new note could not be obtained for its renewal. Instead thereof, the indorser gave his own note for the amount unpaid, which was discounted, and the note in suit left as security. This process was repeated several times. It is now contended that such discounts paid the original note, and that the plaintiff cannot recover.

S. LAROCQUE, *for defendants.*
E. E. ANDERSON, *for plaintiff.*

By the court, INGRAHAM, P. J. The note having been loaned to the indorser for his accommodation without any restrictions, might be used by him for that purpose, and the holder could recover upon it, even if he had knowledge of its origin, to any amount for which he held it as security, not exceeding the sum named in the note. Nor would it make any difference whether such note was used before or after maturity, if it was in reality pledged as security for moneys borrowed by the indorser.

There can, therefore, be no other question in this case than that which arises as to the renewals of the indebtedness of the indorser to the bank. If they are to be construed as a payment by the original note, then it could not be afterwards resigned either to the same or to other parties so as to give it vitality. The evidence shows that it was not the intent of the parties that it should operate as payment. The indorser says, when the note came due, he waived the notice of protest, and made a payment on it and gave a new note, but he nowhere affirms that such note was made or accepted as payment. On the contrary, when

he waived notice of protest, he could only have intended thereby to hold himself liable for its payment.

Jenkins says : The maker was absent or could not be found when the note became due, and the indorser paid a part on account, left his own note for the balance, and this note in suit was to be left in the bank to be collected when they could.

The fair construction of this transaction and of the subsequent one is, that it was not the intent of the parties to discharge the liabilities on the original note, but that the same was to remain in possession of the bank until the debt was paid. The transactions as to the notes of the indorser were merely memoranda as to the amount remaining due. Where it is clear that the parties did not contemplate payment, and that the holder did not accept the new note as payment, no such legal consequence can follow as the defendant's counsel has urged upon the argument. He has furnished no authorities to sustain the position he assumed, and we think the law to be otherwise.

The judgment should be reversed and new trial ordered, costs to abide event.