Schepp *v.* Carpenter.

---

## SCHEPP *vs.* CARPENTER.

Where an accommodation note not restricted as to the mode of its use, by the lender, has been transferred to pay or secure a precedent debt, the holder may recover, because the note has answered the purpose for which it was created, and the maker is to be considered as consenting to any use which operates to the benefit of the borrower.

The rule is otherwise where the note has been obtained by fraud; or was given for a specific purpose; or is void in the hands of the payee on grounds of public policy, or otherwise. In such a case a precedent debt is not a consideration for a transfer of the note, which will entitle the holder to recover.

THIS was an action upon a note dated February 20, 1865, made by the defendant, payable to Henry Church, or order, three months after date, for $300, and indorsed by Church, and delivered to the plaintiff. The defendant in his answer does not deny the note, but avers that the note was an accommodation note, loaned to Church. Upon the trial at the circuit, held by Justice CLERKE in February, 1866, it appeared that the plaintiff, who was a merchant, had

sold goods to Church to the amount of over $800 ; that Church was behindhand in his payments ; that the plaintiff had pressed him for payment, and that Church had indorsed and delivered him this note on account of his indebtedness. That before the plaintiff gave Church credit for the note, he sent to the defendant to know if it was right, and was told by the defendant that it was all right, and would be paid. The only defense pretended was that the note was lent to Church to help him in his business. The defendant so testified. The court charged the jury, that if the plaintiff took the note in payment of a debt due from Church, or as security for such payment, they would find for the plaintiff the amount of the note and interest.

The defendant's counsel requested the court to charge the jury as follows :

1st. That if the defendant received the note without parting with any money or property after its receipt, or upon the promise of receiving the same, or giving the defendant credit on account of his indebtedness, the plaintiff cannot recover against the defendant, if the note was without consideration, as between Church and the defendant, and was only a borrowed note.

2d. That the plaintiff, if he paid no money or goods for the note, or gave up none of his rights against Church for the same, cannot recover against the defendant, any more than Mr. Church could, if he had sued the note.

3d. That if the plaintiff was not a holder for value, it being accommodation paper, he cannot recover, and the jury should find for the defendant.

4th. The note must have been received in payment or satisfaction, before he is a *bona fide* holder for value.

5th. That if they believed the testimony of Church, that the note, if paid, was to be credited on account of his indebtedness, and if not paid, it was to be returned to him, then the plaintiff was not entitled to recover, and he was not a holder for value.

The judge refused so to charge, except as he had already charged. To each and every of which aforesaid refusals to charge as requested, the defendant's counsel excepted.

The jury, under the charge of the said justice, brought in a verdict for the plaintiff, for $315.15 ; to set aside which verdict, a case and exceptions were made, and the defendant appealed from the judgment.

*John E. Parsons*, for the appellant. I. The plaintiff gave no time, nor in any way parted with any thing, for the note. The most that can be claimed is, that he took it as security for his debt. That, of course, would not constitute him a holder for value. (*Coddington* v. *Bay*, 20 *John.* 636. *Stalker* v. *McDonald*, 6 *Hill*, 93. *Farrington* v. *Frankfort Bank*, 24 *Barb.* 554. *Traders' Bank of Rochester* v. *Bradner*, 43 *id.* 392.)

II. The court in effect instructed the jury that it was not necessary to the plaintiff's success that he should be a holder for value. The defendant does not deny that a holder of accommodation paper, who takes it after maturity, (*Corbitt* v. *Miller*, 43 *Barb.* 305 ;) or with notice, (*Grant* v. *Ellicott*, 7 *Wend.* 227 ;) may maintain an action upon it ; but respectfully insists that he cannot do so, unless he is a holder for value. 1. In England, it is the settled rule, that the holder can only recover to the extent of the value he has paid. (*Jones* v. *Hibbert*, 2 *Starkie*, 304. *Chitty on Bills*, 80, and *cases cited*.) 2. And in a recent case, stronger for the plaintiff than this, where an accommodation note was made for the very purpose of being transferred by the party at whose request it was made, as security for his antecedent debt, it was held that there could be no recovery, the plaintiff having paid no value. (*Crofts* v. *Beale*, 20 *Law Jour. N. S.* 186. *Id.* 15 *Jur.* 709.)

III. The case of *Seneca County Bank* v. *Neass*, (3 *Comst.* 442,) may be supposed to favor a different view ; but an examination of that case will show that there the note was

applied *in payment* of another note. *Grandin* v. *LeRoy*, (2 *Paige*, 509,) was a motion to dissolve an injunction on pleadings ; and it is not clear that the note was not received by the holder in payment. That case proceeded on the authority of *Bank of Rutland* v. *Buck*, (5 *Wend.* 66,) in which Savage, Ch. J. says, the note *passed to the credit* with the holders, of the parties for whose accommodation it was made, and that " the case of *Marvin* v. *McCullum*, (20 *John.* 288,) and *Chenango Bank* v. *Hyde*, (4 *Cowen*, 567,) are authorities showing the right of the plaintiff to recover." In the latter case the holder paid full value for the note ; and the former has nothing to do with the question.

IV. No other case, it is believed, can be found giving any color to the plaintiff's claim, which is in violation of the general principle requiring a consideration, equally applicable to choses in action as to other contracts. A chose in action presumes a consideration, but that presumption can be and here is rebutted. The Superior Court, in a very recent case, has decided the point in question in the defendant's favor, (*Duncan* v. *Gosche*, 21 *How. Pr.* 353 ;) and in recent cases, in other states, similar decisions have been made. (*Trustees, &c.* v. *Hill*, 12 *Iowa R.* 462. *Williams* v. *Banks*, 11 *Maryland R.* 98. *Mackay* v. *Holland*, 4 *Metc.* 69.)

*Nelson Smith*, for the respondent. I. It seems to be well settled that when a note is lent to accommodate the borrower, without any restrictions as to the manner in which it is to be used, it may be used in any legitimate transaction, and the maker will be liable to the holder who has taken it from the borrower in payment or as security for an old debt. (*Bank of Rutland* v. *Buck*, 5 *Wend.* 66. *Powell* v. *Waters*, 17 *John.* 176. *Smith* v. *Knox*, 3 *Esp. R.* 46, *per Lord Eldon.*) The reasoning of these cases proceeds on the idea, that it is quite as much an accommodation to the borrower of such a note, who is indebted, for his creditor to take it for

Schepp *v.* Carpenter.

his debt, as it had been if he had first obtained a loan upon it and paid the money over to his creditor. (*Bank of Rutland* v. *Buck*, 5 *Wend.* 66.)

II. There is no pretense here, either in the answer or the evidence, that the note was limited or restricted to any particular purpose. It was made to accommodate Church in his business, and used by him with the express consent of the defendant. The ruling of the court was founded, therefore, not only on plain common sense, but was strictly within the doctrine of all the cases.

*By the Court,* LEONARD, P. J. The judge charged the jury that if they believed the note was received in payment for a debt, or as security for the payment of it, they should find for the plaintiff.

The defendant's counsel requested the court to charge the jury so as to exclude the right to recover on the note if it was taken by the plaintiff as security for a debt. Also that if they believed that the note, if paid, was to be credited on account of the indebtedness of the payee to the plaintiff, and if not paid, it was to be returned to him, then the plaintiff was not entitled to recover, and he was not a holder for value.

The note was loaned by the defendant to the payee, for his accommodation, without any restriction as to the manner in which it might be used.

Where such a note has been transferred to pay or secure a precedent debt, the holder may recover, because the note has answered the purpose for which it was created, and the maker is to be considered as consenting to any use which operates to the benefit of the borrower. The rule is otherwise where the note has been obtained by fraud, or was given, for a specific purpose, or is void in the hands of the payee on grounds of public policy or otherwise. In such a case a precedent debt is not a consideration for a transfer of the note, which will entitle the holder to recover. (*Corbitt* v. *Miller*, 43 *Barb.* 309, *and the cases there cited.*)

The jury found for the plaintiff, and thereby found that the note was received by the plaintiff in payment or as security for the debt due to him from the payee of the note. They could not have credited the defendant's witness, who testified that the note was to be returned by the plaintiff to the payee, if not paid. This evidence was given by the payee of the note, and was inconsistent with his indorsement, and ought to have been disregarded, on that ground.

The requests of the defendant's counsel were substantially a negative or denial of the proposition contained in the charge of the judge. The charge was correct, and the requests wrong.

I think there was no error, and that the judgment should be affirmed, with costs.

[NEW YORK GENERAL TERM, June 3, 1867. *Leonard, Clerke* and *Welles,* Justices.]