By the Court, Fancher, J.
At the conclusion of the
testimony it was stipulated between the counsel for the respective parties “that the decision in this case turns exclusively upon the question whether, on the evidence already in, the plaintiff is a dona fide holder for value, of the notes in controversy.”
The evidence shows that the plaintiff, on the 38th of April, 1870, made to Van Saun & Co. a call loan of $30,000 upon a collateral note for $30,000 made by the mother and wife of Albert Van Saun, and endorsed by his father, John A. Van Saun.
When the notes sued upon in this action were received by the bank, the transaction, as testified to by the plaintiff’s president, was as follows: “I called upon Van Saun & Co. to pay their $30,000 loan, as I was not satisfied with their collaterals. Yan Saun said they did not want to pay it, just then, but would give the bank additional security if I would allow the loan to remain a lit- *444 tie longer. He then brought in the four notes of Franklin, the three in suit here, and the one for $10,000, afterwards given back to him. He said they were perfectly good notes, and wished me to take them as additional security for the loan, and put them with the other collaterals, which I did, and put. them in the same envelope. That was all.” He afterwards testified that the loan of $30,000, or any part of it had not been paid.
The nature of a call loan is such that the lender, when the caE is made, is entitled to immediate payment from the debtor. In default of such payment, the lender can immediately proceed to realize on the coEaterals. He may seE or coEeot them, without further notice to the debtor. The plaintiff in this case had the right, when it caEed on Van Saun & Go. for payment of the loan, to proceed to reaEze on the coEaterals in default of immediate payment. Van Saun & Co. by means of the notes of the defendant, were enabled to treat with the bank for a surrender of the caE, and for a new arrangement, which was equivalent to a new loan on the old and new coEaterals. Had Tan Saun & Co. taken a new advance of $30,000 from the bank, on aE the col-laterals, and appHed the money to pay the old loan, the transaction would have resulted in precisely what the new arrangement amounted to between the parties. Thenceforth it was a caE loan by the plaintiff to Van Saun & Co.' upon aE the coEaterals, including the defendant’s notes, and it was a caE loan requiring a new demand of payment before the coEaterals could be resorted to.
It is argued on the part of the defendant, that the transaction was but an offer on one side with no acceptance on the other. This position is not maintainable, on the evidence. It is clear that the acceptance of the notes and the surrender of the rights under the call that had been made, was an acceptance of the offer. (Place v. McIlvain, 38 N. Y. 99.) There was a suspension of *445 proceedings on 'the caE; a new status was offered and accepted as the consideration for it, and, under the circumstances, I think the plaintiff became a bona fide holder of the defendant’s notes for value. Thenceforth, on a new call or demand of payment of the loan, it was a call to pay the renewed loan, to which the notes of the defendant were, in part, coEateral.
But, independently of the views" above expressed, there is another ground on which the plaintiff is entitled to recover on the notes. There is ho evidence touching the character of the notes in suit; whether they are business or accommodation paper. If they are business notes, given for valid consideration, the plaintiff has a sufficient title to them to recover on them, even were it conceded that they are held as security for an antecedent debt. (McSpedon v. Troy City Bank, 2 Keyes, 35. Schepp v. Carpenter, 49 Barb. 542.)
And conceding that the notes in question are accommodation paper, loaned by the defendant to Van Saun & Co., in the absence of evidence showing a restriction as to the mode of using them, it was competent for that firm to pledge them as security for their debt, and in such case, the maker of the notes has no defence against their payment. The plaintiff is a bona fide holder for value, sufficient to enable the plaintiff to recover on the notes. (Schepp v. Carpenter, 49 Barb. 542. Cole v. Saulpaugh, 48 id. 104. 1 Pars. on Bills, 226. Rutland Bank v. Buck, 5 Wend. 66. Grandin v. Le Roy, 2 Paige, 509. Lathrop v. Morris, 5 Sandf. 7. Mohawk Bank v. Corey, 1 Hill, 513. Boyd v. Cummings, 17 N. Y. 101. BeZeng v. Fyfe, 1 Bosw. 335. Lord v. Ocean Bank, 2 Penn. 384.) In the latter case, it was held that the maker of an accommodation note cannot set up the want of consideration as a defence against it in the hands of a third person, though it be there as coEateral security merely.
In the case of Boyd v. Cummings, (17 N. Y. 103,) it *446 was held by the Court of Appeals, that where a note endorsed for the accommodation of the maker, was transferred by him, before maturity, to a judgment creditor, in consideration of the discontinuance of proceedings supplementary to execution, and as security for the payment of the judgment, such discontinuance made the creditor a holder for value, and not having any notice of any restriction imposed upon the maker as to the use of the note, the creditor could recover upon it, against the endorser. It was there said that the discontinuance of the proceedings was a sufficient consideration.
[First Department, General Term, at New York,
January 6, 1873.
Ingraham and Fancher, Justices.]
The principle of that authority is in favor of the plaintiff here. The discontinuance of the proceedings to enforce the call loan by the sale of, or action to collect, the collaterals, was a consideration equally meritorious with the discontinuance of supplementary proceedings.
We think the judgment entered on the report of the referee should be reversed, the order of reference discharged, and a new trial ordered at the circuit, with costs to abide the event.
Judgment accordingly.