THE GROCERS' BANK OF THE CITY OF NEW YORK, Appellant, *v.* THOMAS D. PENFIELD, BENJAMIN D. STONE and CHARLES H. TRUAX, Respondents.

*Accommodation paper — consideration for, in hands of third party — Extension of credit — when implied — Facts, when reviewable by General Term — Code, §§ 268-272.*

A party receiving accommodation notes, without parting with any consideration, cannot recover on them ; but an agreement for an extension of the time of credit of an existing debt will be sufficient consideration, and this may be implied from circumstances without any thing being said concerning the extension.    An express agreement for the suspension of the remedy is not necessary.

Where accommodation paper is diverted to some purpose for which it was not to be used, the holder must show that he is the owner in good faith and for value; but where the use made of it is consistent with the object for which it was executed, any valid consideration will sustain an action upon it by the holder.

Accommodation paper, if used for the purpose for which it was given, is available in the hands of one holding it only as collateral security, and for no new consideration.    (Brady, J.)

The General Term can review the facts, where the trial has been before the court without a jury, or before a referee.

Appeal from a judgment in favor of the defendants, entered on the report of a referee dismissing the complaint in an action upon a promissory note.

*Edmon & B. J. Blankman,* for the appellant.

*C. H. Truax,* for the respondents.

Brady, J. :

The defendant Truax was a depositor with the plaintiffs.    He procured from them the discount of a note made by Reon Barnes to his order.    When it became due he paid a part of it, and gave two notes of Penfield and Stone, the other defendants, payable to his order, for the balance.

These notes were made for his accommodation, but without restriction as to their use.    It seems, from the testimony, that they were obtained for the purpose to which they were applied, and it may be said, as also warranted by the testimony, that the plaintiffs

knew that they were made for his accommodation. The plaintiffs, when the notes were given, refused to give up the prior note made by Barnes, and parted, therefore, with no new consideration.

The defendants Penfield and Stone think that, under these circumstances, the notes cannot be enforced against them, and the referee agrees with them. They are mistaken. The notes having been given without restriction as to their use are available in the hands of one holding them only as a collateral security. (*East River Bank* v. *Butterworth*, 45 Barb., 476; *Cole* v. *Saulpaugh*, 48 id., 104; Edwards on Notes, 316.) It is only when a note is diverted from the purpose for which it was made, or fraudulently obtained and negotiated, that such a defense can be successfully interposed. (*Bay* v. *Coddington*, 5 Johns. Ch., 637; *Farrington* v. *Frankfort Bank*, 24 Barb., 554; *Weaver* v. *Barden*, 49 N. Y., 286; *Cary* v. *White*, 52 id., 138; *Barnard* v. *Campbell*, 58 id., 77; Edwards on Notes, 316.)

In such cases, unless the holder parts from something of value, money, property, or existing securities, or discharges the pre-existing debt for which the note is given, the note cannot be enforced.

It is considered, unless the element suggested be present, that the holder is not one for value within the law-merchant, and the superior equities must prevail.

The statement of the rule is not always accompanied by the qualification mentioned, and leads to confusion in some minds.

The judgment, for these reasons, must be reversed, with costs to abide the event.

Davis, P. J., and Daniels, J., concurred.

Daniels, J. :

The action was prosecuted against the defendants defending, as the makers of two promissory notes, dated on the 25th and 28th days of August, 1873, respectively, by which the defendants promised to pay to the order of Charles H. Truax, in sixty days after such dates, $1,150 by the first, and $670.77 by the second of the notes, at the Grocers' Bank, for value received. It appeared from the evidence of Truax, who was the only witness examined upon the trial, that the notes were made for his accommodation, and without any consideration between him and the makers. When

they were made he was a depositor in the Grocers' Bank, which held his note then coming due, on which he was indebted in the sum of $2,191.07. He had on deposit about the sum of $385.19, and had drawn a check for seventy-five dollars, which the officers of the bank declined to pay. An interview then took place between himself and Mr. White, an officer of the bank, in which the latter insisted that the check must be withdrawn and another given to the bank for the whole amount on deposit; and figures were given for the purpose of having new notes made for the residue of the indebtedness. The notes in suit were made and delivered to the payee, and he indorsed and delivered them to the bank, and at the same time gave it his check for the amount of his deposit. Mr. White was asked to deliver up the preceding note, but declined to do so, and nothing was parted with by the bank on the credit of the defendants' notes. No information was given that the notes had been made for the accommodation of the payee, and nothing was said about forbearance on the debt owed by him at the time of their delivery to the bank; but the witness said he supposed that would be the result, and that he was not disturbed nor sued until these two notes became due. The referee, substantially, found the evidence of this witness to be true, and that the bank parted with no consideration for the notes, but received them as collateral security for a precedent debt, and made no agreement to extend the time of payment of that debt. Upon these facts it was held that the plaintiff could not recover against the makers of the notes, and judgment was directed in their favor.

The makers having received no consideration for the execution of the notes by them, but having made them solely for the accommodation of the payee, he could not have maintained an action upon them for the recovery of the amounts for which they were given. Between these parties the notes created no legal obligation. They were a mere loan of the makers' credit, which the payee could use in any manner beneficial to himself. Any party receiving them from him, upon a lawful consideration, would have the right to recover their amounts from the makers; but a consideration was necessary for the creation of that right. Without it the party receiving the notes would have no more right to enforce

them by action than the payee himself, for whose accommodation they were made. The evidence showed that the bank parted with neither money nor property for them; it surrendered nothing of that nature whatever, and unless its remedy on the preceding debt owing to it was suspended by means of what transpired there was no consideration for the delivery of the notes to it.

No agreement of that nature was expressly made between the parties to the transaction. If it existed at all it was to be implied from what was said and done before the notes were made, and at and after the time when they were received by the bank; and that will probably be a safe conclusion under the authority of the case of *Place* v. *McIlvain* (38 N. Y., 96), and those cited in the prevailing opinion. They hold that an agreement for an extension of the time of credit may be implied from circumstances no more cogent than those shown to have existed in the present case. A different conclusion was deemed proper in the case of *Cary* v. *White* (52 N. Y., 138), but the facts were of a much more limited nature than they were in the other case. All that appeared was that the bond and mortgage in controversy were given to secure a sum of money payable, by their terms, at a future time, without any agreement for a corresponding extension of the preceding indebtedness; and it was held that no agreement for such an extension was established by the facts shown, while in this case the facts indicate the existence of such an understanding. They show that the officer with whom the business was transacted, on the part of the bank, desired to obtain further security by way of notes for the debt, and that the debtor procured and delivered them for no other apparent object than to secure an extension of credit. That was not mentioned in words, but what was suggested and performed is reasonably consistent with no other understanding. It is not uncommon for banks to require further security from their debtors, without any thing being said concerning the extension of the time of payment of their debts, but that is understood and implied from the performance of what may be requested. If it were not, the creditor would rarely expect compliance with its wish; and the debtor anticipating no benefit to himself would make no effort to extend his obligations for payment. Such transactions are supposed to be attended with mutual advantages.

The creditor's securities are increased with the expectation of obtaining further indulgence and forbearance by the debtor. If it had been understood that the bank could take the notes and before they matured institute proceedings to recover the preceding obligations of its debtor, no reason exists for believing it would have been allowed to receive them. The object and design indicated by the facts was the delivery of a further security, for an extension of the credit, and that was evidently the result of what transpired, for a further credit was given for the time the notes had to run. The additional security supplied by the fact that the notes were made by the defendants was a good consideration for a further forbearance of the debt, and it may be presumed from the circumstances that such was the intention and expectation of all the parties. An express agreement for the suspension of the remedy and the extension of the time of payment was not necessary. That, like other agreements, could properly be inferred from any state of facts showing that it was understood and acted upon. The facts in this case were sufficient for that purpose, and they should have been held to be so by the referee. With that found in the plaintiff's favor its right to recover upon the notes would be complete, for a creditor receiving an accommodation note from a debtor, for an extension of time for the payment of the debt, can enforce it against the parties to it, when that use of it is not inconsistent with the purpose for which it may have been given to the debtor. Whatever may be an injury to the party receiving, or a benefit to the party delivering it, will be a sufficient consideration to give such a note legal vitality, and an extension of the time of payment of an existing debt is a fact of that nature. (*Freeman* v. *Freeman*, 43 N. Y., 34, 39; *Seneca County Bank* v. *Neass*, 3 Comst., 443; *Agawan Bank* v. *Strever*, 18 N. Y., 502; *Spencer* v. *Ballou*, id., 327; *Elting* v. *Vanderlyn*, 4 Johns., 237; *Watson* v. *Randall*, 20 Wend., 201; *Schepp* v. *Carpenter*, 49 Barb., 542.)

A different principle governs the right of the holder of accommodation paper, diverted to some purpose for which it was not to be used. There the holder can only recover upon it by showing himself to be the owner in good faith and for value. (*The Merchants' Bank of Syracuse* v. *Comstock*, 55 N. Y., 24.) But where

the use made of it is consistent with the object for which it may have been executed, any valid consideration will be sufficient to sustain an action upon it by the holder.

Cases have been referred to in support of the judgment, in which it has been held that it cannot be reversed without findings of fact showing it to be erroneous. That is the rule in the Court of Appeals, where the power of review is confined exclusively to legal questions, but they do not control the review by the General Term, which has been required to examine into the facts as well as the law of the case, when the trial has been before the court without a jury or a referee. (Code, §§ 272, 268.) The referee in this case erred in not finding from the evidence, as a matter of fact, that the plaintiff received the notes in consideration of forbearance of the time of payment of the debt on which it received them as collateral security. Such a finding was required by the proof made on the trial, and that would have resulted in a judgment for their amount in the plaintiff's favor. The judgment should be reversed and a new trial ordered, with costs to abide the event.

BRADY, J., concurred in the result.

Judgment reversed, new trial ordered costs to abide event.