Mr. Justice Tkotter
stated the case, and delivered the opinion of the court.
The competency of plaintiff’s proof depends upon the validity of their title acquired by the purchase under the circumstances proposed to be shown.. This note was made to enable Claiborne to raise money upon it. It was an accommodation note. In this respect it is to be considered as a letter of credit for the amount specified on its face, and is consequently valid and binding against the makers, in the hands of any holder who comes fairly to the possession of it for a bona fide consideration. This we take to be a well settled principle of the law merchant. And accordingly, in the case of Powel v. Waters, 17 J. R. 176, the Supreme Court of New York held that the action might be maintained by a third person who had purchased a note payable to a *304 bank in the manner and for the purposes of the note in the case at bar. After the bank had refused to discount it, the note in that case was put in circulation, and was discounted by a third person, who had full knowledge of the circumstances. It was held to be no fraud on the endorsers, and the holder recovered. So in the case of the Bank of Rutland v. Buck, 5 Wend. 66; the note was for twelve hundred dollars, and was made payable to the bank, which refused to discount it. It was then delivered by the two principal makers, for whose accommodation it had been made, to E. House and two others, as collateral security for the payment of a judgment in their favor against the two principal makers of it. The action was on the note in the name of the bank for the tise of the holders, and the court held that the suit might well be maintained. That it was immaterial to the surety who advanced the money, provided the principal makers had the benefit of it. It did not alter his responsibility. The Bank of Chenango v. Hyde and others, 4 Cowen, 557, is in all respects like the present case. Hyde, and two others as his securities, made their note payable to the bank, which declined to discount it. B. at the request of Hyde, advanced him the amount of the note. B. afterwards sued and recovered against Hyde for the money lent, but could not collect his judgment. He then brought an action in the name of the bank against all three makers of the note. And it was held that he was entitled to recover. The money advanced by him was a good consideration for the note. It was made, say the court, to raise money on, and that therefore the validity of the note was not affected by the circumstance that it was payable to the bank. The same is held in the case of the Utica Bank v. Ganson et al., 10 Wend. 314, and in the Bank of Burlington v. Beach, 2 Aikin, 62. The case of Denniston v. Bacon, 10 J. R. 198, does not conflict with the principle of the above cases. The plaintiff there was non-suited, not because the note had been rejected when offered for discount, but because he sought to enforce its payment in violation of the terms of payment agreed upon between the parties. We are therefore clearly of opinion that the plaintiffs are entitled to recover upon the note in this case, and that they have a right to use the name of the bank for their use.
Let the judgment be reversed, and a venire de novo awarded.