By the Court. Oakley, Ch. J.
The question involved in this case, which was much contested, and is not free from difficulty, is the admissibility of the evidence of verbal directions given-relative to the shipment of the wheat, differing from the bill of lading, as it is called, which was delivered to the plaintiff. The paper is not, however, technically speaking, a bill of lading, because that is signed by the master of the vessel on which the goods are laden, while this is signed by the owners of the canal boat. It is, nevertheless, a plain stipulation by those owners that the wheat in question shall be delivered to the plaintiff in New York. This has not been done.
But it is said in their defence, that on the same day this instrument was signed, and before it was signed, the plaintiff’s agent gave verbal directions to the defendants clerk to send the wheat to Imlay and Smith. The jury have found these facts as claimed by the defendants, and although their finding on the evidence in that respect is not very satisfactory, we are not disposed to interfere with the verdict on that ground. The question therefore is, whether those instructions were admissible to vary, explain, or affect this written instrument % The general principle is, that a written contract cannot be varied, by parol evidence of instructions given before or at -the time the contract is executed, because all the terms of the agreement are deemed to.be expressed and fixed by the written instrument. It is contended on the part of the defendants, that this principle does not apply to a bill of lading, and they attempt to liken it to a receipt, which is open to explanation. Ordinarily, a bill of lading partakes of a twofold character. It is both a receipt and a contract. It is a receipt as to the number of bushels, or the quantity of the article put on board the vessel; and it is a contract to deliver the same at a certain place and to a certain party. As far as it is a receipt, it is no doubt open to explanation between the parties to it. The person giving it may prove that he was mistaken in the quantity of goods delivered to him, *13 e. g. that only one thousand bushels of wheat were put on board, instead of two thousand expressed in the bill of lading.
But there is no case which goes the length of holding that the master shall be permitted to allege, not only that he did not receive the quantity of goods specified, but also that there was a mistake in the bill of lading, in stating the destination of the property intrusted to him. If the bill of lading state that the property was to go to Liverpool, the master cannot prove that by verbal agreement it was to be sent to London. That would be a distinct variation of the contract, of which parol evidence cannot be admitted. The true distinction is that which we have already stated; and there is no authority which goes beyond it—as a receipt, it may be varied and explained by parol; as a contract, it cannot.
This would be the rule in this case, if the instrument were a bill of lading. But, we repeat, it is not. . It is a direct stipulation of the owners, to deliver the quantity of wheat specified to the plaintiff in New York. As such an agreement, it may be questionable whether the parties could prove that there was a mistake in the quantity of wheat. Clearly they cannot prove by parol, that there was a mistake as to the person to whom, or the place at which it was to be delivered. "We, therefore, think the plaintiff must have judgment for the damages assessed by the jury.
Judgment for the plaintiff.