*9 By the Court.
Duer, J.
It is not pretended in this case that there was any fraud in putting the drafts in suit into circulation. On the contrary, it distinctly appears that they were applied to the very use for which they were intended by the parties. They were drawn and accepted for the sole purpose of talcing up the note held by Bancroft; hence the question whether they were received by him in satisfaction of his original debt, resulting from the sale of goods, or merely as a collateral security for its payment, is not at all necessary to be decided. It is wholly immaterial. It is fully settled that, where there is no fraud, the holder of an accommodation note or draft, which was delivered to him merely as a security for an antecedent debt, has the same title to maintain an action for its recovery against the accommodation drawer, acceptor, or endorser,- as if he had paid, in consideration of its transfer, its full amount in cash. It is not necessary that he'should have parted with value to render the transfer valid. It is sufficient that it was founded upon a good consideration, as between the parties, and this consideration is proved by proving the existence of a debt that was meant to be secured.
The cases of the Portland Bank v. Buck (5 Wend. 66) and Grandin v. Le Roy (2 Paige 509) are express, and we think decisive authorities (a), and the rule which they follow is stated by the text writers as the established law, and especially by those of the highest authority, Justices Bayley and Story. The case is not altered by the fact that the drafts, when taken by the plaintiffs, were over-due. The plaintiffs, doubtless, took them subject to any equities between Bancroft and the defendants. But no such equity has been shown to exist. For aught that appears, there could have been no defence to the suit had it been brought in the name of Bancroft.
The learned counsel for the defendants, we think, has misapprehended the import and effect of the decision of the Court of Errors in Strother v. McDonald. That case has no reference to accommodation paper, nor, in reference to any negotiable paper, does it establish the doctrine for which the learned counsel eon- *10 -tended. Our own views as to its proper construction have been given in White v. Springfield Bank (3 Sand. p. 222), and to those we adhere.
The judgment at special term is reversed. There must be a new trial, with costs to abide the event.

 Vide also Hall v. Clark, 2 Sand. S. C. R. p. 105.