### INGLIS *a*. KENNEDY.

*New York Common Pleas; Special Term, January*, 1858.

ACCOMMODATION NOTE.—BONA FIDE HOLDER.

One who takes a note as security for a precedent debt is a *bona fide* holder; and that it was an accommodation note is no defence to the maker in an action by such holder.

Demurrer to answer.

This action is upon a promissory note for $500, made by the defendant to the order of one Hogarty, payable three months after date, and by the payee indorsed to the plaintiff before maturity.

The defendant answers, that he made the note for the accommodation of the payee, without consideration; and it was afterwards transferred to the plaintiff as security for a pre-existing debt due to him from the payee, and without any new consideration being given by the plaintiff therefor.

The plaintiff demurs upon the general ground that the facts alleged in the answer constitute no defence to the action.

*William Inglis*, in person.

*Francis Byrne*, for defendant.

HILTON, J.—From the facts thus admitted, it appears that the consideration which induced the defendant to make this note was to accommodate the payee. There was no restriction as to its use, and the payee was at liberty to appropriate it in such manner as he should consider most beneficial to himself. Had he procured it to be discounted in the usual way, and applied the proceeds on account of the debt he owed the plaintiff, no doubt could be entertained as to the defendant's liability to the holder. And yet, because the payee accomplished the same object directly, which he might have thus accomplished indirectly, it is claimed that the plaintiff is not entitled to recover, for the reason that he gave to the payee no new consideration.

But was there not a new consideration?

The complaint alleges that the note was transferred to the plaintiff before maturity; and this is not denied by the answer.

The acceptance of the note amounted to an agreement on the part of the plaintiff to forbear and give time for the payment of the original indebtedness of the payee, until the maturity of the note, and that indulgence was a sufficient consideration to constitute the plaintiff a holder for value, and entitle him to recover in this action. (*Byles on Bills,* 90, *note n.*)

The facts stated in the answer constitute no defence, and the demurrer should be sustained. (Bank of Rutland *v.* Buck, 5 *Wend.,* 66; Grandin *v.* Le Roy, 2 *Paige,* 509; Lathrop *v.* Morris, 5 *Sandf. S. C. R.,* 7; Seneca County Bank *v.* Neass, 3 *Comst.,* 442.)

Judgment for plaintiff on demurrer, with costs.