Cole *v.* Saulpaugh.

---

## COLE *vs.* SAULPAUGH.

Where there is no limitation or restriction as to the manner in which an accommodation note is to be used, the payee has a right to apply it to the payment or security of an antecedent debt, or to sustain his credit in any other way.

JEREMIAH E. VAN CLEEK procured the defendant to make a note for $150 for his accommodation, payable to the order of the defendant, at the Merchants' Bank, two months after date, and dated July 11, 1858. Van Cleek transferred the note by indorsement to the plaintiff to pay a prior indebtedness from Van Cleek to the plaintiff with full knowledge on the part of the plaintiff that it was accommodation paper. These facts having been found by Justice BACON, on a trial of the action before him without a jury, judgment was ordered for the plaintiff for the amount. The defendant excepted to the decision, and appealed from the judgment to the general term.

Cole *v.* Saulpaugh.

*R. Raynor*, for the appellant.

*D. Coats*, for the respondent.

*By the Court*, MORGAN, J.   The note was made by the defendant for the accommodation of one Jeremiah E. Van Cleek, and transferred to the plaintiff to secure the payment of a prior indebtedness from Van Cleek to him.   This was doubtless a valid transfer of the note, although it appears that he knew that it was an accommodation note, when he took it. It does not appear that the note was diverted from its object, and yet it is made a question whether the plaintiff can recover upon it, as he took it to secure a prior indebtedness, and with notice that it was accommodation paper.   The same objection, in principle, might be made if the defendant had indorsed the debtor's note to secure the payment of the same indebtedness.

In such a case it is not necessary that the holder should have parted with value, to entitle him to recover, although that question is frequently mentioned and is always important where there is a claim that the paper is diverted from its object.   Where there is no fraud, no such question can arise ; for it is sufficient that there is a valuable consideration as between the parties to the transfer.   When there is no limitation or restriction as to the manner in which an accommodation note is to be used, the payee has a right to apply it to the payment or security of an antecedent debt; or to sustain his credit in any other way.   (*Grandin* v. *Le Roy*, 2 *Paige*, 509.   *Bank of Rutland* v. *Buck*, 5 *Wend*. 66. *Lathrop* v. *Morris*, 5 *Sandf*. 7.   1 *Parsons on N. and B.* 226.   *Mohawk Bank* v. *Corey*, 1 *Hill*, 515.)

The judgment should be affirmed.

Judgment affirmed.

[ONONDAGA GENERAL TERM, January 3, 1865. *Morgan, Bacon, Foster* and *Mullin*, Justices.]