Leopold Schepp, Respondent, v. John Carpenter, Appellant.

Where A. makes his note for the accommodation and general benefit of B. without restrictions and B. transfers the same to C. in payment of, or as security for, an antecedent debt, the existence of the debt is a sufficient consideration for the transfer, and C. can maintain an action on the note against A.

(Argued January 16, 1873; decided March term, 1873.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial district, affirming a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 49 Barb., 542.)

This action was brought upon a promissory note made by defendant, payable to the order of one Henry Church, for the sum of $300.

The note was made by defendant for the accommodation of Church, and was delivered to the latter without any restrictions as to the manner of its use. Church being indebted to plaintiff in a larger sum, transferred the note to him on account thereof, and the amount of the note was credited to him. Before crediting it plaintiff sent to defendant to inquire about it. The latter stated that it was all right and would be paid. Further facts appear in the opinion.

*George Carpenter* for the appellant. Plaintiff not having given any consideration for the note, cannot recover. (21 How. Pr. R., 353; 43 Barb., 379; 20 J. R., 636.) Plaintiff not having applied the note to the purpose for which it was given, defendant is not liable. (21 How. Pr. R., 353; 43

Barb., 379; 20 J. R., 636.)   Even if plaintiff had taken the note as security, it would not constitute him a holder for value or entitle him to recover in this case.   (2 Law J. R. [N. E.], 186; 15 J. R., 709; 20 id., 639; 6 Hill, 93; 24 Barb., 554; 43 id., 392; *Jones* v. *Hilbard,* 2 Starkie, 302; Chitty on Bills, 80, and cases cited; *Duncan* v. *Grosche,* 21 How. Pr. R., 353; *Trustees, etc.,* v. *Hill,* 12 Iowa, 462; *Williams* v. *Banks,* 11 Md., 98; *McKay* v. *Holland,* 4 Metc. [Mass.], 69.)

*John Brooks Leavitt* for the respondent.   A maker of an accommodation note, without restrictions, is liable to the holder who has taken it from the borrower in payment or as security of an old debt.   (*Bank of Rutland* v. *Buck,* 5 Wend., 66; *Cole* v. *Saulpaugh,* 48 Barb., 105; *Lathrop* v. *Morris,* 5 Sand., 7; *Smith* v. *Knox,* 3 Esp., 46; *Grandin* v. *Le Roy,* 2 Paige, 509; *Wardwell* v. *Howell,* 9 Wend., 170; *Utica Bank* v. *Ganson,* 10 id., 315; *Mohawk Bank* v. *Corey,* 1 Hill, 513; *Tellweger* v. *Caffe,* 5 Duer, 87, 94.)

JOHNSON, C.   The note in suit was made by the defendant for the accommodation of one Church, and for his general benefit.   He being indebted to the plaintiff transferred to him the note, and the jury were instructed that if Schepp received the note in payment of Church's debt to him, or as security for the payment of it, he was entitled to recover. The defendant's counsel made several requests to charge, which, though variant in form, all presented in different aspects the proposition that, in order to recover, the plaintiff must show himself a holder for value in some other sense than that involved in the proposition charged by the judge, that it was sufficient to enable the plaintiff to recover if he took the note in payment, or as security for payment of Church's debt.   The existence of the debt from Church to the plaintiff was a sufficient consideration between them to sustain a promise to pay it or a transfer of property to secure its payment, and according to the doctrine which has prevailed in this State for many years, to sustain the transfer of a note made for the debtor's accommodation and general

benefit.   When, however, an accommodation note is made for a specific purpose and has been diverted to some other purpose the rule is different, and the party asserting a title to it must show himself to be a *bona fide* holder.   (*The Bank of Rutland* v. *Buck*, 5 Wend., 66 ; *Spencer* v. *Ballou*, 18 N. Y., 331.)   The cases of *Duncan* v. *Grosche* (21 How. Pr. R., 353), and *Traders' Bank* v. *Bradner* (43 Barb., 379) do not conflict with this doctrine.   The first was a case of fraudulent diversion or procurement of the notes in question, and the other was a case in which a recovery could only be had by a holder for value in good faith.

The questions on the exclusion of evidence present no difficulty.   At what time the plaintiff foreclosed the mortgage received at the same time with this note, or whether he told Church that he would not trouble him with the mortgage, are questions which have no bearing on the only material inquiry in the case which was in dispute.   The judgment should be affirmed.

All concur.

Judgment affirmed.