By the Court.—Freedman, J.
If the evidence given on the part of the defense had simply showed that the appellant made the note in question for the accommodation and general benefit of his father, Christopher Keyes, that it was delivered to the latter without restrictions as to the manner of its use, and that thereupon the latter indorsed and delivered it to the plaintiffs, the appellant was clearly liable on it, though he had. received no consideration for making it (Schepp v. Carpenter, 51 N. Y. 602, affirming S. C., 49 Barb. 542; Cole v. Saulpaugh, 48 Barb. 104). But the evidence went beyond this, it tended to show, and if credited by the jury, would have authorized the jury to find that the note was made at the request of, and for the accommodation of the plaintiffs, and without any consideration whatsoever as between them and the appellant. This the appellant had a right to prove, for the consideration of a negotiable paper is examinable as between the original parties to that paper, and hence it may always be shown, as between such parties, that there was no original consideration, or that the original consideration has wholly failed.
The appellant was, therefore, entitled to have the case submitted to the jury, and the direction of a verdict against him constituted error.
The judgment and order appealed from should be severally reversed, and a new trial ordered, with costs to the appellant to abide the event.
Curtis and Speir, JJ., concurred.