THE GROCERS' BANK OF THE CITY OF NEW YORK, Respondent, *v.* THOMAS D. PENFIELD et al., Impleaded, etc., Appellants.

Where a promissory note is made for the accommodation of the payee, but without restriction as to its use, an indorsee taking it in good faith as collateral security for an antecedent debt of the payee and indorser, without other consideration, occupies the position of a holder for value, and can recover thereon against the maker. The precedent debt is a sufficient consideration for the transfer, and no new consideration need be shown.

It is only where the note has been diverted from the purpose for which it was intended, by the payee, or where some other equity exists in favor of the maker, that it is necessary that the holder should have parted with value on the faith of the note, in order to enforce the same.

(Argued April 5, 1877; decided May 22, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department reversing a judgment in favor of defendants, entered upon the report of a referee. (Reported below, 7 Hun, 279.)

This action was upon two promissory notes, of which defendants Penfield and Stone were makers, which were made payable to defendant Truax, and by him indorsed and transferred to plaintiff.

The referee found, in substance, that the notes were executed by the makers without any consideration; were accommodation notes, and were received by plaintiff solely as collateral security for a precedent debt, without any agreement to extend the time of payment of the debt, and thereupon held that plaintiff was not a *bona fide* holder, and directed judgment dismissing the complaint as to said makers.

*Wm. F. Shepard*, for the appellants. The payee of a promissory note, made for his accommodation, may pay an existing indebtedness with it, or transfer it as collateral for his existing indebtedness, if payment of such indebtedness is by agreement extended on the faith thereof. (*E. R. Bk.* v. *Butterworth*, 45 Barb., 476; *Cole* v. *Saulspaugh*, 48 id., 104; *Schepp* v. *Carpenter*, 51 N. Y., 602; *Dezeng* v. *Fyfe*, 1 Bosw., 335; *Lathrop* v. *Morris*, 5 Sand., 7; *Farrington* v. *Frankfort Bk.*, 24 Barb., 554; *Turner* v. *Treadway*, 53 N. Y., 550; *Bowman* v. *Van Kuren*, 29 Wis., 110; *Bramhall* v. *Becket*, 31 Me., 205.) The mere taking of collateral security for an existing indebtedness, does not *per se* extend the time of payment, or suspend the remedy on the original indebtedness. (*Gahn* v. *Neimcewicz*, 11 Wend., 312, 320, 321; *Bk. of Utica* v. *Ives*, 15 id., 501; *Stalker* v. *McDonald*, 6 Hill, 93–114; *Austin* v. *Curtis*, 31 Vt., 64; *Wood* v. *Robinson*, 22 N. Y., 564, 567 ; *Carey* v. *White*, 52 id., 138, 142–146; *Place* v. *McIlvain*, 38 id., 96, 98, 99; *Fellows* v. *Prentiss*, 3 Den., 512; *Bangs* v. *Mosher*, 23 Barb., 478; *Albany City Ins. Co.* v. *Devendorf*, 43 id., 444; *Matthew* v.

*Coe*, 49 N. Y., 57, 60; *Devlin* v. *Mayor*, 63 id., 13; *Caswell* v. *Davis*, 58 id., 223.)

*Edmon Blankman*, for the respondent. The notes in suit having been regularly indorsed, and delivered to plaintiff by the payee, and plaintiff having discounted them in the regular course of business, they became thereby its property. (*Demmon* v. *Boylston Bk.*, 5 Cush. [Mass.], 194; *Mont. Co. Bk.* v. *Albany City Bk.*, 8 Barb., 396; *Essex Co. Bk.* v. *Russell*, 29 N. Y., 673.) The maker or indorser of an accommodation note cannot set up want of consideration as a defence against it in the hands of a third person, although placed there merely as collateral security by the person entitled to negotiate it. (*Work* v. *Kase*, 34 Pa. St., 138; *Lord* v. *Ocean Bk.*, 20 id., 384.) A note made for the accommodation of the indorser, without any restrictions, may be used by him for that purpose; and the holder may recover upon it, even if he had knowledge of its origin, to any amount for which he holds it as security, not exceeding the amount of the note. (*E. R. Bk.* v. *Butterworth*, 45 Barb., 476; *Cole* v. *Saulspaugh*, 48 id., 104.) Defendants are liable as makers, even though they loaned the notes to the payee. (*Schepp* v. *Carpenter*, 49 Barb., 542; *Deems* v. *Crook*, 1 Edm. Sel. Cas., 95; *Robbins* v. *Richardson*, 2 Bosw., 248; *De Zeng* v. *Fyfe*, 1 Bosw., 335; Edwards on Notes, 316.) The notes were not subject to any defence existing between the original parties. (*Essex Co. Bk.* v. *Russell*, 29 N. Y., 673.)

RAPALLO, J. We think that the order in this case must be affirmed on the ground stated by BRADY, J., in his opinion delivered at General Term. Whatever confusion may have existed upon the point, we think that we may now safely say, in the language of Professor Parsons (1 Parsons on Notes and Bills, 296), that it is universally conceded that the holder of an accommodation note, without restriction as to the mode of using it, may transfer it either in payment or as collateral security for an antecedent debt, and the maker will have no

defence. (See, also, Story on Bills, § 192, note *m*, and Story on Notes, § 195, and authorities cited.) The existing debt is a sufficient consideration for the transfer, and no new consideration need be shown. It is only where the note has been diverted from the purpose for which it was entrusted to the payee, or some other equity exists in favor of the maker, that it is necessary that the holder should have parted with value on the faith of the note, in order to cut off such equity of the maker. (*Cole* v. *Saulpaugh*, 48 Barb., 104; *Bank of Rutland* v. *Buck*, 5 Wend., 66; *Lathrop* v. *Morris*, 3 Sandf., 7.) It has been held by high authority that an antecedent debt is sufficient even in the case of a note fraudulently diverted to constitute the holder a *bona fide* holder for value without any extension of time or surrender of securities or other new consideration. (*Swift* v. *Tyson*, 16 Peters, 1.) But in this State that doctrine does not prevail. (*Stalker* v. *McDonald*, 6 Hill, 93.) The leading authorities upon the subject are reviewed in the case of *Maitland* v. *Citizens' Bank* (40 Maryland, 540.) Whatever difference of opinion may have existed, as to the case of a note diverted or fraudulently put in circulation, it must be regarded as settled that an indorsee of a negotiable note made for the accommodation of the indorser, but without restriction as to its use, taking the note in good faith as collateral security for an antecedent debt, and without other consideration, is entitled to the position of a holder for value, and not affected by the defence of want of consideration to the maker. We should not have deemed it necessary to discuss the point so much at length, but for the reason that it does not appear ever to have been previously expressly adjudicated in this court.

The order should be affirmed, and judgment absolute, etc. All concur.

Order affirmed and judgment accordingly.