Okey, C. J.
Where one not induced by fraud indorses a negotiable promissory note for the accommodation of another, without restriction as to the use which may be made of the note, a third person who receives it before due as collateral security for a debt to become due from the person for whom the indorsement was made, and subsequently prosecutes an action against such indorser, will not be affected, with respect to his right to recover, by the fact that such defendant is an accommodation indorser. The obligation of the indorser in such case is the same, whether the indorsement was for value received or for accommodation. Stone v. Vance, 6 Ohio, 246 ; Riley v. Johnson, 8 Ohio, 526 ; Williams v. Bosson, 11 Ohio, 62; Clinton Bank v. Ayres, 16 Ohio, 282; Portage Co. Bank v. Lane, 8 Ohio St. 405; Erwin v. Shaffer, 9 Ohio St. 43; Knox Co. Bank v. Lloyd, 18 Ohio St. 353 ; Kingland v. Pryor, 33 Ohio St. 19 ; First National Bank v. Fowler, 36 Ohio St. 524. And see Jackson v. Bank, 42 N. J. L. 177.
The question in this case is, therefore, as to the liability of *679 Foglesong upon Ills indorsement, in view of the fact that the note so indorsed was transferred by Creed Bros, as collateral security for the payment of notes to become due from them to Pitts, Graham & Co., no express agreement having. been made by the latter for an extension of time or other favor with respect to the notes made by Creed Bros.
In Roxborough v. Messick, 6 Ohio St. 448, it was held: “ Where the note of a third person is transferred bona fide before due, as collateral security, and for value, such as in consideration of a loan or advancement, or a stipulation, express or implied, of further time to pay a pre-existing debt, or in consideration of a change of securities of a pre-existing debt, or the like, the holder of such collateral will be protected from infirmities affecting the instrument before it was thus transferred.” And see 1 Daniels Neg. Insts. § 830.
Here there was no consent on the part of Pitts, Graham & Co. to the extension of time as to any part of the debt, until their debtors proposed to place in their hands the Becker note, and it is a presumption which is by no means unreasonable that obtaining possession of that note was with them an essential part of the arrangement by which the time was extended. True, they had been unable to dispose of the note in the manner intended, though it does not appear that they had abandoned hope of disposing of it substantially in the same way. It is certain that they did not return it to Creed Bros., but retained possession, and it is not probable they would have consented to part with possession before they were paid. That they only agreed not to dispose of the note in view of the agreement that they should hold it as collateral security, and that this is in harmony with the original purpose of the parties, is by no means improbable. Moreover, they did in fact wait until the Becker note became due, retaining it in the meantime; and they demanded payment of the maker, at the maturity of the note, and gave notice of non-payment to Foglesong, the indorser, and then brought suit, the debt from Creed Bros, remaining unpaid. But whether or not it is to be fairly inferred from these facts that time was given to Creed Bros, in consideration of the *680 security afforded by tbe Becker note, within the rule so stated in Roxborough v. Messick, is a question not entirely free from difficulty, and it is unnecessary to express any definite opinion ¡upon it.
The defendant’s counsel insists that the case falls within the second proposition decided in Roxborough v. Messick, and hence that Pitts, Graham & Co. were not entitled to recover. That proposition is as follows: “ When a debt is created, without any stipulation for further security, and the debtor afterward, without any obligation to do so, voluntarily transfers a negotiable instrument, to secure the pre-existing debt, and both parties are left, in respect to the pre-existing debt, in statu quo, no new consideration, stipulation for delay, or credit being given, or right parted with, by the creditor, he is not a holder of the collateral for value, in the usual course of trade, and receives it subject to all the equities existing against it at the time of die transfer.” ■
We are by no means disposed to question the proposition so decided. While it is not concurred in by some judges for whose opinions we have great respect (Railroad Company v. National Bank, 102 U. S. 14; Poirier v. Morris, 2 E. & B. 89; Currie v. Misa, L. R. 10 Ex. 153 ; 1 App. Cas. 551; 11 Am. L. Rev. 481), its correctness has been repeatedly recognized in this court and elsewhere. Hatch v. Langdon, 7 Ohio St. 218, 255 ; Gebhart v. Sorrels, 9 Ohio St. 161, 466 ; Cleveland v. State Bank, 19 Ohio St. 145, 150 ; Copeland v. Manton, 22 Ohio St. 398, 102 ; 11 Am. L. Rev. 485.
But the principle so stated in Boxborough v. Messiah is not applicable to this case, and hence cannot control it. The same rule prevails in Pennsylvania (Petrie v. Clark, 11 S. & R. 377 ; Royer v. Keystone Bank, Cummings v. Boyd, 83 Pa. St. 218, 372); and yet, in Lord v. Ocean Bank, 20 Pa. St. 384, it was held that “'the maker of an accommodation note cannot set up the want of consideration as a defense against it in the hands of a third person, though it be there merely as a collateral security for a debt of the payee.” Black, C. J., who delivered the opinion, fully recognized the rule, applied in Roxborough v. Messick, and added: “ But the *681 maker of an accommodation noto cannot sot up the want of consideration as a defense against it in the hands of a third person, though it be there as collateral security merely. He who chooses.to put himself in the front of a negotiable instrument for the benefit of his friend must abide the consequence (12 S. & R. 3S2), and has no more right to complain, if his friend accommodates himself by pledging it for an old debt, than if he had used it in any other way.” And the same thing had been asserted before, and was asserted afterward, in the same court. Appleton v. Donaldson, 3 Barr, 381; Work v. Kase, 34 Pa. St. 138.
So, in New York the rule is as stated in the second proposition in Roxborough v. Messick (14 Am. L. Rev. 485 ; Duncomb, v. N. Y., &c. R. Co., 84 N. Y. 190, 204); and yet, in Grocers' Bank v. Penfield, 69 N. Y. 502, the court, fully recognizing that fact, hold : “ Where a promissory note is made for the accommodation of the payee, but without restriction as to its use, an indorsee taking it in good faith as collateral security for an antecedent debt of the payee and indorser, without other consideration, occupies the position of a holder for value, and can recover thereon against the maker. The precedent debt is a sufficient consideration for the transfer, and no new consideration need be shown. It is only where the note has been diverted from the purpose for which it was intended, by the payee, or where some other equity exists in favor of the maker, that it is necessary that the holder should have parted with value on the faith of the note, in order to enforce the same.” And the same distinction had been asserted in that state previously, and has been re-asserted subsequently. Schepp v. Carpenter, 51 N. Y. 602; Freund v. Bank, 76 N. Y. 352.
Cases in support of the distinction here made are quite numerous. Many of them are collected in 14 Am. L. Rev. 486, 488; Story on Prom. Notes (7th ed.), 265, 266, note; Maitland v. Citizens' Bank, 40 Md. 540, 567; 9 Ohio St. 51. Indeed, the only case I have found which can be regarded as supporting a different view of the law upon this- subject, is Bramhall v. Beckett, 31 Maine, 205 (cited in Nutter v. Storer, *682 48 Maine, 163); but in that case the distinction so well made in Lord v. Ocean Bank, Grocers’ Bank v. Penfield, and other cases cited, is not alluded to by court or counsel.
A claim has been made that the language of the court in Roxborough v. Messick is broad enough to warrant the conclusion that Foglesong is exonerated from liability upon the mere ground that he was an accommodation indorser. But in that case it appeared that Roxborougli, the mater of the notes, had a defense to them, and their transfer by 'Wilcox, the payee and indorser, as collateral security, was a fraud upon him. Of course the learned judge who delivered the opinion in that case never intended it to extend to a ease arising on an accommodation indorsement of this character, and any general language he may have employed must be-limited to cases like that which was then before the court.

Judgment reversed.