WILLIAM H. MORRIS, PLAINTIFF IN ERROR, V. JAMES MORTON, DEFENDANT IN ERROR.

1.  Negotiable instruments: DELIVERY. One M., as accommodation maker, signed with one Meads a negotiable promissory note, payable to W.  W. did not accept the note for the purpose for which it was intended, but endorsed the same, and delivered it to Meads to enable him to negotiate it.  *Held*, That there had been sufficient delivery of the note to the payee.

2.  ———: ———: PAYMENT NOT PRESUMED.  An accommodation note endorsed by the payee and delivered to one of the makers before due to be negotiated, is not presumed to have been paid, and a person purchasing the same in good faith, may recover thereon.

ERROR to the district court for Saline county.  Tried below before WEAVER, J.

*William H. Morris, pro se,* on delivery, cited: *Burson v. Huntington,* 21 Mich., 416.  *Mahon v. Sawyer,* 18 Ind.,

73. *Thomas v. Watkins*, 16 Wis., 550. *Woodford v. Darwin*, 3 Vermont, 82. *Walker v. Evert*, 29 Wis., 194. Presumption of Payment. *Long v. Bank*, 1 Litt., 200. *Beebe v. Bank*, 4 Ark., 546. *Callahan v. Bank*, 78 Ky., 604.

*Dawes & Foss*, for defendant in error, cited: 1 Daniels Neg. Inst., 710. Parsons' Notes and Bills, 109. *Bank v. Strong*, 72 Ill., 559. *Winters v. Home Ins. Co.*, 30 Iowa, 172.

MAXWELL, J.

This action is brought on a promissory note, of which the following is a copy:

"$300.            WILBER, NEB., January 9th, 1879.

"Six months after date, we promise to pay to the order of J. W. Wehn, Jr., three hundred dollars at W. C. Henry's bank, Wilber, Nebraska, for value received, with interest at 10 per cent per annum, payable annually, and in any action that may be brought for any sum due under the provisions of this note by the holder thereof, he shall be entitled to recover of the makers thereof a reasonable sum as attorney's fee, to be fixed by the court

"M. WEHN.
"W. T. MEADS.
"A. V. HERMAN.
"E. S. ABBOTT.
"WM. H. MORRIS.

"Note endorsed,
"J. W. WEHN, JR.
"Without recourse."

Morris answered the petition, admitting the execution of the note, but alleging in substance that upon the representations of one W. T. Meads, that he was about to rent the newspaper known as the *Opposition* and the appurtenances then located at Wilber, and owned by J. W. Wehn, Jr.,

and it being necessary that said Meads should give security for the rent of said newspaper office and appurtenances for six months at $50 per month, he, Morris, with the other sureties, was induced to sign said note and deliver the same to Meads for delivery to said Wehn; that Meads never delivered the same to Wehn, but fraudulently and without authority used said note as collateral security for a loan for himself. On the trial of the cause in the court below, judgment was rendered in favor of Morton for the sum of $100.40. Morris brings the cause into this court by petition in error.

It appears from the testimony that Wehn did not require any security except the conditions of the lease for the rent of the newspaper office, and that he refused to receive the note in question for some cause which does not appear; that Meads stated to him, Wehn, that if he would endorse the note in question and return it, he, Meads, could obtain the money thereon and pay a portion of the rent then due, and that Wehn thereupon took the note and endorsed it without recourse and delivered it to Meads, who transferred the same to the defendant in error before it was due, as collateral security for a loan of $200.

The plaintiff in error contends that there has been no delivery of the note to the payee, and it being purchased from one of the makers of the same, therefore the defendant in error is not an innocent purchaser, and cannot recover.

It is essential to the validity of a promissory note that it be delivered to the payee or his authorized agent, and unless it is so delivered, it is of no validity. Daniel on Neg. Inst., 51, and cases cited in note 1. But there was a delivery to the payee in this case. It is true the note was not used in the exact manner contemplated by the plaintiff in error, still he signed the same as accommodation maker for the purpose of aiding Meads; therefore, when Meads delivered the note to Wehn for his endorsement in order that he might negotiate the same and raise

money thereon, a portion of which was to be applied in payment of the rent, it was a sufficient delivery. The mere fact that a note was intended to be discounted at a particular bank will not prevent the party for whose benefit it was given from making other use of it.  2 Parsons N. & B., 28.  *Bank of Rutland v. Buck*, 5 Wend., 66. *Mohawk Bank v. Cory*, 1 Hill, 513.  *Grandin v. LeRoy*, 2 Paige, 509.

*Second.*  The endorsement by the payee and delivery to Meads for the purpose of negotiating the note, it not being due, did not raise a presumption of payment so as to defeat a recovery.  The rule may be and probably is the other way in regard to past due paper, but not as to that not due.

It is very clear that justice has been done, and the judgment must be affirmed.

JUDGMENT AFFIRMED.