THE PRODUCE BANK, APPELLANT, *v.* MARY D. BACHE, RESPONDENT, IMPLEADED WITH ANDREW J. BACHE AND JAMES BALDWIN.

*Draft — indorsement of, by a married woman — when she may show that she received no consideration for so doing.*

This action was brought by the plaintiff upon a draft drawn by one Bache to the order of and indorsed by himself, and also by his wife, who by her indorsement declared it to be a lien upon her real and personal estate. Upon the trial the wife claimed, and produced evidence tending to prove, that the note was given

for an existing indebtedness due from her husband to the plaintiff; that she received no consideration for indorsing it, and charged the payment thereof upon her real and personal property, at the instance and request of the plaintiff's president, for the sole purpose of having the paper in the bank appear, in form, to be a proper and legal evidence of an existing indebtedness, and satisfactory in form to the bank examiner.

*Held,* that these facts if proved showed that there was no consideration to support her contract for indorsement and constituted, as to her, a defense to the action.

APPEAL from a judgment in favor of the defendant Mary D. Bache, recovered on the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*John L. Cadwalader,* for the appellant.

*Samuel H. Randall,* for the respondent.

DANIELS, J.:

The action was brought to recover the amount due upon a draft for $8,700 drawn by the defendant Andrew J. Bache upon James L. Baldwin, dated on the 11th of November, 1878, and payable sixty days thereafter to the order of the drawer. It was indorsed by the defendant, and by the terms of her indorsement she declared it to be a lien on her real and personal estate; and as the facts were set out in the answer under which the indorsement was alleged to have been made, the chief defense consisted of the want of consideration. The indebtedness for which the draft was given had originated in discounts made by the bank, but for the payment of which the respondent was not liable. The indebtedness was carried along by renewals until the draft in controversy was given, and the evidence tended very directly to show that the language in terms charging the real and personal property of the defendant by the indorsement was placed upon the draft at the instance and request of the president of the bank for the sole purpose of having the paper in the bank appear in form to be a proper and legal evidence of an existing indebtedness. She received no consideration for the indorsement, and appeared to have made it solely and wholly at the instance and request of the president of the bank in order to give the paper the appearance of regular business paper. Whether

she did give it in that manner was the main point in controversy upon the trial; and further evidence in support of this theory was given to the effect that she was not expected to pay the paper, but that her indorsement in this form was desired to render it satisfactory to the bank examiner. The contract of indorsement, like all others, requires a consideration to render it legal and binding upon the indorser; and if it was true that she indorsed the draft in this form at the instance of the president of the bank merely to give it the appearance of available paper, then as the debt was not her's there was no consideration which, in legal contemplation, would sustain her liability as a married woman upon the indorsement. The evidence as to this fact was not very conflicting, certainly sufficient was shown in favor of the defendant to warrant the jury in concluding her theory to be the true one in the case, and for that reason they could very well find, as they did, a verdict in her favor.

The bank was not a *bona fide* holder of this paper for value, even if they did surrender, upon receiving it, preceding obligations held for the same indebtedness, for the reasons that the knowledge of the president of the bank of the manner in which the indorsement was obtained, and the fact that it had no consideration to support it, was notice to the bank of this infirmity in the indorsement. In these respects the case differed from that of *The Grocers' Bank* v. *Penfield* (69 N. Y., 502), and the other authorities cited in support of the appeal, for in them the liability was incurred at the instance of the debtor himself to enable him to obtain further time for the payment of the debt. And as the paper was made to be so used, the forbearance obtained by means of it formed a legal consideration for the extension of the credit, and the indorser consequently became legally liable to pay the debt.

The evidence which was given upon the trial was properly received, for it is always competent against the party receiving such paper, in the manner in which this was received by the bank, to prove as a matter of fact that it was made without consideration, and that the party who would be otherwise chargeable never became legally liable upon it, and the evidence taken upon the trial was all pertinent proof for these purposes.

A further defense was made that the defendant was not charged as indorser by a proper protest of the paper, but under the evidence

that point likewise became a question of fact for the jury, and it was submitted to them in as favorable a manner as the plaintiff had any reason to claim it should be. If that had been the only difficulty in the case the plaintiff would probably have encountered no obstacle in the way of recovering a verdict against this defendant. The serious trouble in the case arose under the evidence tending to show a want of consideration for this indorsement and charge on the part of this defendant; that was very properly as well as carefully submitted to the jury; and as there are no exceptions in the case upon which the verdict can be set aside, the court cannot interfere with the result on this appeal. The points to be decided were matters of fact upon which sufficient evidence was given to warrant the result reached by the jury. The judgment and order, therefore, should be affirmed.

DAVIS, P. J., and BRADY, J., concurred.

Judgment and order affirmed.