## TRASK v. WINGATE.

It is no defence to an action by the indorsee of a promissory note against the maker, that the note was without consideration as between the maker and payee; and it is immaterial that the note was received by the plaintiff for money which he had placed in the hands of the payee to be loaned for investment, but which the latter had applied to his own general use.

ASSUMPSIT, to recover the amount of two promissory notes, one for $662.69, the other for $6.63, both dated Boston, June 2, 1884, payable to the order of James M. Lovering, one year after date, signed by the defendant and indorsed by Lovering.

The defendant offered to show, that about June 1, 1879, Lovering received from the plaintiff $500, which he held for reinvestment for him; that June 2, 1879, Lovering procured of the defendant an accommodation note for $500, payable to himself, which he indorsed and delivered to the plaintiff at Boston, representing to the plaintiff that he had loaned the defendant $500 of the plaintiff's money, and the plaintiff received the note supposing it to have been given for the money loaned; that the note was payable one year after date, and when due it was taken up by Lovering and renewed by a similar note for the amount of the first note and interest, and this was repeated each year until the notes in suit were given; that the rate of interest was seven per cent.,—the large note including the principal, with interest at six per cent., and the small note being for one per cent. interest on the principal; that the defendant gave the notes for the use and accommodation of Lovering, and knew nothing of the plaintiff until about the time the notes in suit fell due.

The defendant contended that Lovering was the agent of the plaintiff, and that want of consideration could be shown as a defence to the notes. The court ruled that the facts stated would be no defence to the notes, if proved, and the defendant excepted.

*Wiggin & Fuller*, for the plaintiff.

*Leavitt & Knight.* for the defendant.

BINGHAM, J.   The note was made by the defendant for the accommodation and general benefit of Lovering, who, having five hundred dollars of the plaintiff's money for investment, indorsed the note, gave it to the plaintiff for the money, and then used it as he pleased.   This was within the purpose for which the defendant executed the note.

Lovering could have transferred the note to the plaintiff in payment of an antecedent debt, and the debt would have been a sufficient consideration for the transfer.   *Perry* v. *Armstrong*, 39 N. H. 583; *Schepp* v. *Carpenter*, 51 N. Y. 602; *Bank* v. *Buck*, 5 Wend. 66.

The plaintiff can maintain this action.   *Bank* v. *Rand*, 38 N. H. 166; *Cross* v. *Rowe*, 22 N. H. 77.

*Exception overruled.*

CLARK, J., did not sit: the others concurred.