### ANDERSON *v.* MARKET NAT. BANK.

(*Supreme Court, General Term, First Department.* May 18, 1888.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—TO WHAT ASSIGNEE IS ENTITLED—FUNDS IN THE HANDS OF A THIRD PERSON FOR A SPECIAL PURPOSE.

Plaintiff gave to H. two checks with which to take up two notes on which plaintiff and H. were liable. H. deposited the checks with defendant, and part of the proceeds was used to pay a prior indebtedness of H. to defendant. Thereafter H. made an assignment for benefit of creditors, and defendant, after notice from plaintiff of the diversion of the checks, paid the amount thereof, less the portion applied on H.'s indebtedness, to the assignee. *Held*, that defendant was liable for the amount of the checks, less the dividend received by plaintiff on the distribution of H.'s estate, though plaintiff had joined with other creditors in requesting the assignee to sell the estate, and had released him from all claims on account of the same.

Appeal from circuit court, New York county.

Action by Robert J. Anderson against the Market National Bank to recover the amount of two checks alleged to have been converted by defendant. Judgment for plaintiff. Defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Abram Wakeman,* for appellant. *E. H. Bonn,* for respondent.

BRADY, J. The plaintiff sought to recover in this action the amount of two checks which were given to one Haigh for the express purpose of paying and taking up two promissory notes upon which he and the plaintiff were

liable. The checks were deposited with the defendant, and the proceeds in part used by them in payment of a previous indebtedness of Haigh. These checks were dated December 26, 1879, and on the 27th Haigh made an assignment of all his property for the benefit of his creditors. Two or three days after the checks were given, Mr. Parker, the plaintiff's agent, and by whom they were given, discovered the diversion of the checks, and, in company with Mr. Niles, the attorney for the plaintiff, went to the defendant's banking house, and demanded the checks or their proceeds, which the defendant refused to yield, and they at the same time gave defendant full notice of the plaintiff's ownership of the checks. The defendant subsequently paid the balance standing to the credit of Haigh to his assignee, and which amounted to $2,017.20, but that did not include the sum of $732, which the defendant had appropriated to pay itself the overdraft to that sum which was alleged to have occurred in the account of Haigh, or a debt due from him to that amount. Subsequently, and in April, 1880, the plaintiff, and most of the creditors of Haigh, joined in requesting the assignee to sell all the estate of and received by him as assignee of Haigh to a committee named for the purpose, the plaintiff and others uniting in the request, and stating in it that they had informed themselves as to the value and condition of the assigned estate. And in the same instrument the creditors agreed, in consideration of the sale, to release, and did thereby release, the assignee from all claims and demands which they or either of them had against him on account of the estate of the assignor. These are the salient points of this controversy, and those only which are necessarily involved in its determination on appeal, although others have crept into it to which significance is sought to be given.

The plaintiff's cause of action was created by the demand made upon the defendant, and the subsequent payment by it of the sum in controversy was made at its own peril. The liability thus occasioned was not discharged by any act of the plaintiff's revealed by the record. The request to sell the estate can have no such effect. It related to the general estate, and the reasoning to be applied to it was that which was adopted in *Comstock* v. *Hier*, 73 N. Y. 280. It was doubtless done for the purpose of relieving the estate from complications and controversies or to facilitate the disposition of the whole subject of the trust, and all that the plaintiff incurred by writing in it was to limit himself to the balance of his demand after deducting the dividend upon the distribution of the estate. The learned justice in the court below, after the verdict was rendered, and after a motion made for a new trial, declared the verdict to be in excess of the plaintiff's rights, and directed the deduction of such dividend, which was assented to. This disposes of the controversy except as to the alleged overdraft or indebtedness of $732, which the defendant claimed to be due itself, and paid itself out of the proceeds of the checks. There can be no doubt of the payment in the manner suggested. A strong effort was made to show on the argument that the money used for this purpose was that of Haigh, and not of the plaintiff's, but the evidence is adverse to the appellant's contention. This result having been arrived at, it is quite evident that all the elements exist to warrant a judgment for this sum. The checks were diverted, and the appropriation of any part of the proceeds by the defendant to discharge an existing indebtedness to it was one not authorized by law, and entails liability. *Comstock* v. *Hier*, *supra; Bank* v. *Penfield*, 2 Abb. N. C. 305, 69 N. Y. 502; *Justh* v. *Bank*, 56 N. Y. 480; *Stephens* v. *Board*, 79 N. Y. 183. The record is abundant in exceptions, and the points presented by the appellant are numerous and ingenious, but the invocation of varied theories and principles cannot override the impressive facts of diversion and unlawful appropriation. The merits must triumph over technical contrivance when they shine through the mists of exceptions and propositions which are not imperative and controlling in their effect upon the ultimate result. For these reasons the judgment should be affirmed.

DANIELS, J., (*concurring*.)    The plaintiff derived no further benefit from the assigned estate than a proportionate payment of his indebtedness against the assignee, and to that extent credit was finally given in the action to the defendant.    That was all that the latter had any just ground to claim through the sale and disposition of the assigned property.    It is agreed, accordingly, that the judgment should be affirmed.

VAN BRUNT, P. J., concurring.