### FIRST NAT. BANK OF SCRANTON *v.* WOLF *et al.*

*(Supreme Court, General Term, First Department.* January 28, 1889.)

PARTNERSHIP—EXECUTION OF NOTE BY ONE PARTNER—BONA FIDE HOLDER.

> A note executed in the firm name by one member, without the knowledge or consent of the others, was delivered to an agent, with directions to get the proceeds from the payee. The agent obtained the proceeds, and appropriated them to his own use.

*Held*, that one who took the note as collateral security for a loan to the payee, without notice of the diversion, or of the circumstances attending the execution of the note, could recover against the firm.

Appeal from circuit court, New York county.

Action by the First National Bank against Abraham Wolf and others. Judgment was given for plaintiff, and defendants appeal.

Argued before VAN BRUNT, P. J., and BRADY and MACOMBER, JJ.

*Wise & Lichtenstein*, for appellants. *Douglas & Minton*, for respondent.

BRADY, J. This is an action on a promissory note for $3,581.90, which matured August 19, 1887, and was made by A. Wolf & Co. to the order of and indorsed by Shaw & Co. The facts are as follows, the statement found on the plaintiff's brief being adopted as a correct summary: "The plaintiff received the note on March 11, 1887, from Shaw & Co., as collateral security for a loan of $20,000. On April 23, 1887, the plaintiff also made Shaw & Co. another loan of $20,000, under the agreement that the collateral security held for the first loan should continue as collateral for the second. There had been paid upon the two loans at the time of the trial $19,156.19, and the remainder was then unpaid. The defendant Wolf was a member of the firm of A. Wolf & Co. The note was made by his partner, Ingersoll, without his knowledge. He never heard of the note until he was served with the summons in this action. Ingersoll gave the note to W. C. Jones, with directions to get it discounted by Shaw & Co., and to bring the proceeds to him, or to return the note to him 'if it was not discounted. He never did receive the proceeds, nor was the note returned to him, nor did he or his firm ever receive any consideration for the note. The note made by Ingersoll as a member of the firm of Wolf & Co. was valid without notice to the contrary. *Bank* v. *Savery*, 82 N. Y. 291. The plaintiff was a holder for value, and, as such, its title could not be assailed without proof of notice of the alleged diversion. *Bank* v. *Penfield*, 7 Hun, 279, affirmed 69 N. Y. 502; *Bank* v. *Hoge*, 35 N. Y. 65; *Bank* v. *Vanderhorst*, 32 N.Y. 553; *Cowing* v. *Altman*, 71 N.Y. 435. The defense was presented in several elements, namely: Defendant's ignorance of the making of the note; its diversion; the alleged appropriation of the money received on its discount by the person to whom it was intrusted for that purpose; and the failure of the title of the plaintiff because it was not a *bona fide* holder for value. The defense was visionary. There was nothing to establish the last component part of it, if any of it were proved, namely, the absence of good faith, and that no value was parted with by the plaintiff; and, as there was no conflict,—no issue,—the case was one for the direction of a verdict. The exceptions are of no value, for the reason that they are the outcome of the theory that the plaintiff was not a holder for value, and could not, therefore, succeed; but they rested upon theory only. The note was given as security for money advanced. It must not be overlooked that when the note was made the maker Ingersoll gave it to one Jones to be discounted through Shaw & Co., and it therefore reached that firm by express arrangement. The discount of the note was authorized, and that any diversion was shown is problematical at best. The note, with others, was given as security for $20,000 loaned to Shaw & Co., and was thus discounted as contemplated. The non-payment of the sum to Ingersoll was in fact the diversion, and with this the plaintiff had nothing to do. The note was made for the purpose of borrowing money, and the object was accomplished. It was the maker's agent who failed in duty after the purpose of making the note was accomplished. We see no reason, therefore, in any point of view, to disturb the judgment. It should be affirmed, with costs. Ordered accordingly. All concur.