## YALE et al. v. DART et al.

*(City Court of New York, General Term.　December 29, 1891.)*

1. TRIAL—AFFIRMATIVE OF ISSUE.
     A defendant taking the affirmative upon a trial admits the allegations of the complaint.
2. NEGOTIABLE INSTRUMENTS—ACCEPTANCE FOR ACCOMMODATION OF DRAWER.
     The payee of a draft, who receives it in payment of the drawer's antecedent debt to him, may recover on the same against an acceptor for the accommodation of the drawer.
3. EVIDENCE—COMPETENCY—CONVERSATION NOT IN PRESENCE OF PARTY.
     A large room was divided into two by a partition eight or nine feet high, in which a door was open between. *Held*, that conversation in one room could not be given in evidence to charge with knowledge of it a person who at the time was in the adjoining room, without proof of the latter's power or extent of hearing.

Appeal from city court of New York, trial term.

Action by Edward P. Yale and another against Henry C. Dart and others on a draft accepted by defendants. Judgment for plaintiffs. Defendants appeal. Affirmed. See former report, 13 N. Y. Supp. 277.

Argued before EHRLICH, C. J., and McCARTHY, J.

*Howard Y. Stillman,* for appellants.　*T. Henry Dewey,* for respondents.

McCARTHY, J.　This action was brought against the acceptors of a draft drawn by Carlos A. Smith in favor of the plaintiffs. The defendants, on the trial, admitted all the allegations of fact in the complaint, and took the affirmative of the issues set up in the answer. The case was tried before Mr. Justice FITZSIMONS on September 14, 1891, and a verdict was rendered for the plaintiffs. The questions to be considered on this appeal are the exceptions taken by the defendants to the exclusion of testimony; the exceptions taken to the refusal of the court to direct a verdict for the defendants; and exceptions taken to refusals to charge the jury.

The defendants, in securing the affirmative, admitted the allegations in the complaint. This included the acceptance of the draft, and that the same was for a valuable consideration. Even if this was disputed, the defendants proved by the deposition of Smith, read at the trial, that there was a valid consideration for the acceptance of the defendants in the indebtedness of Smith to the plaintiffs.

Once the question of consideration being disposed of, there are but two defenses left to consider: (1) That the acceptance was solely for the accommodation of the plaintiffs, and upon the express agreement that the same should be protected by the plaintiffs; and (2) a subsequent acceptance by the plaintiffs of another draft from Smith in payment of the draft in suit. There is no claim or defense that Smith misappropriated or diverted the draft. The law is well settled, under such a state of facts, that where a promissory note is made for the accommodation of the payee, but without restriction as to its use, an indorsee taking in good faith as collateral security for an antecedent debt of the payee and indorser, without other consideration, occupies the position of a holder for value, and can recover thereon against the maker. The precedent debt is a sufficient consideration for the transfer, and no new consideration need be shown. *Bank* v. *Townsend,* 87 N. Y. 9; *Bank* v. *Penfield,* 69 N. Y. 504, 505; *Schepp* v. *Carpenter,* 51 N. Y. 602; *Benjamin* v. *Rogers,* 126 N. Y. 69, 26 N. E. Rep. 970. There must be a fraudulent diversion from the original object and design, in order to constitute a misappropriation; but there was no claim of such misappropriation made in this case.

The objection at folio 34 of the case was properly sustained. A partition some eight or nine feet in height, inclosing and practically making two rooms, separated the plaintiff Bryan and the witness Dart. True, the door connect-

ing these rooms was open; but there is no evidence as to the power or extent of Bryan's sense of hearing. For all that appears touching this branch of the case, Bryan might have entirely lost his sense of hearing. It would be decidedly illogical to permit the defendant Dart to give his evidence of a conversation between himself and Smith, although not had in Bryan's presence, and thus bind Bryan by the same, simply because he (Dart) thought Bryan ought to have heard it. We think the questions of fact were properly presented to the jury, and find no error committed by the trial judge. For these reasons judgment should be affirmed, with costs.