(23 App. Div. 139.)

JACKSON et al. v. NICOL et al.

(Supreme Court, Appellate Division, Second Department. December 21, 1897.)

1. MORTGAGES—PRIORITY—CONSTRUCTION OF AGREEMENT.
  A tenant of certain premises being in arrears for rent, and about to be dispossessed, her husband, in order to prevent her removal, procured the delivery by a third party to the landlord of a mortgage on certain other premises, and delivered an agreement, under seal, subordinating to the lien thereof a prior mortgage held by himself. The landlord, relying thereon, allowed the tenant to remain. In an action to foreclose the later mortgage, *held*, that immediately upon the execution of the agreement the lien of the senior mortgage became subordinate to that of the junior mortgage, and the question of a consideration became immaterial.

2. SAME—ESTOPPEL.
  If any consideration for the agreement were an essential element, the facts were such as to estop him from denying the same.

3. SAME—CONSIDERATION.         •
  The debt of the tenant furnished a sufficient consideration for the junior mortgage.

Appeal from judgment on report of referee.

Action by Henry H. Jackson and others, executors of Peter A. H. Jackson, against Ann Nicol and Herbert H. Muxlow. From a judgment on the report of a referee, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

William H. Newman, for appellants.

Edward W. S. Johnston, for respondents.

HATCH, J. When the Nicol mortgage, which is the subject of foreclosure, was given, it was promised by the defendant Muxlow that it should be a second lien upon the premises made subject thereto. He was conversant with the business carried on by his wife, and paid the rent for the property occupied by her to the landlord. He knew that the consideration for the Nicol mortgage was the past-due rents, the payment of which was essential to prevent dispossess proceedings threatened by the landlord, and it was his proposition to procure the Nicol mortgage to be executed. We think this state of facts sufficient to call for the application of two principles of law, either of which is sufficient in answer to the appellants' contention: The promise of Muxlow was to make the Nicol mortgage a second lien upon the property. This he could only do by a discharge of his mortgage, or by subordinating the lien thereof to the Nicol mortgage. The latter was the course he chose to adopt, and when he executed the instrument which accomplished that purpose he simply executed the agreement which he had made. Nothing more remained to be done, and from that instant the defendants' mortgage became subordinate to the lien of the Nicol mortgage. The question of a consideration was therefore immaterial. Railroad Co. v. Forrest, 128 N. Y. 83, 28 N. E. 137; Bunn v. Winthrop, 1 Johns. Ch. 329. The debt of Muxlow's wife furnished a sufficient consideration for the Nicol mortgage. Demarest v. Wynkoop, 3 Johns. Ch. 129; Bank v. Penfield, 69 N. Y. 502. As we have seen, Muxlow had full knowledge of the matters,

agreed that the mortgage should be a second lien, and thereby secured the continued possession of the premises occupied by his wife, and led the plaintiffs to rely upon the security he obtained as a second mortgage. This condition presents all the elements upon which to base an estoppel, and, if a consideration for the defendants' agreement was an essential element, he should be held estopped from denying the same. Banking Co. v. Duncan, 86 N. Y. 221; Conrow v. Little, 115 N. Y. 387, 22 N. E. 346. No other question is presented for our consideration.

The judgment should be affirmed, with costs. All concur.